UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH A. LOMBARDO, | ) | Case No. 1:05 CV 833 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| PARKVIEW FED. SAV. BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 30, 2005, Plaintiff Joseph A. Lombardo filed the above-captioned case against Defendants Parkview Federal Savings Bank ("Parkview") and Jack Male, an officer of Parkview. The complaint alleges that in July 2000, Parkview extended credit to Lombardo in the amount of $35,000. *ECF No. 1* ("Compl.") ¶ 5. In September 2004, Parkview notified Lombardo that he was delinquent on his payments. *Id*. ¶ 6. Lombardo, who claims that he made all payments required of him under the terms of his $35,000 loan agreement, determined that the loan about which Parkview had notified him regarding the delinquency was not his loan. *Id*. Consequently, he notified Parkview of its error, provided evidence that the debt to which Parkview referred was not an obligation of Lombardo's, and demanded validation of the disputed debt. *Id*. Parkview failed to cease collection

activities and validate the debt. *Compl.* ¶ 7. On February 23, 2005, Parkview filed suit against Lombardo, presumably in state court, *id.* ¶ 8, and Lombardo turned around and filed this suit in federal court – in a complaint which cited statutes located in both the Equal Credit Opportunity Act (the "ECOA"), 15 U.S.C. §§ 1691c *et seq.*, and the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

On April 5, 2005, the Court issued a Show Cause Order requiring Lombardo to show cause in writing no later than April 15, 2005 why the case should not be dismissed for lack of subject matter jurisdiction. *ECF No. 3*. In doing so, the Court noted that Lombardo purported to bring his case under the ECOA, which did not apply because Lombardo was not alleging he was denied credit based on his membership in a protected class. *See id.*, at 2 n.3. Accordingly, the Court construed the complaint liberally as an action under the FDCPA since Lombardo was challenging the debt collection practices of Parkview and Jack Male. The Court explained that Lombardo could not bring the claim under the FDCPA because neither Parkview nor Jack Male were "debt collectors"– but "creditors," which are expressly excluded from suit under the FDCPA. *See id*., at 2. The Court also stated that the Sixth Circuit recently held that a bank that was a creditor of a consumer was not a "debt collector" as that term is used in the FDCPA, and creditors are not subject to the Act when collecting their own accounts. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003) (citations omitted). Because Parkview is a creditor of Lombardo, and because Jack Male is an officer of the creditor attempting to collect on a Parkview account, the FDCPA is not implicated in this case and the Court has no subject matter jurisdiction. *Id*.

On April 15, 2005, Lombardo filed a response to the Show Cause Order arguing that the Court is wrong because he is bringing a retaliation claim. His response fails.

The ECOA prohibits a creditor from failing to extend credit to anyone on the basis of race, color, religion, national origin, sex, marital status, or age. Lombardo is not alleging that he was denied credit on the basis of his membership in a protected class. Nor can he claim that he was sued in state court by Parkview in retaliation for exercising his rights under the ECOA because he was never denied credit by Parkview on any basis.

The FDCPA prohibits debt collectors from engaging in certain collection practices which it deems abusive.

The cases Lombardo cites in support of his position that he can bring a retaliation claim against his creditors, despite the fact that he was not denied credit based on his membership in a protected class, do not support his position at all. The first case, *Mays v. Buckeye Rural Elec. Coop.*, 277 F.3d 873 (6th Cir. 2002), presented a classic ECOA case in which a woman claimed that she was denied utility services/credit on the basis of her marital status. She did not even allege a retaliation claim, and the Sixth Circuit affirmed dismissal of her ECOA claim on the ground that it was time barred. All *Mays* said was that, "[g]iven the similar purposes of the ECOA and Title VII, the burden-allocation system of federal employment discrimination law provides an analytical framework for claims of credit discrimination." 277 F.3d at 876 (citations omitted) (emphasis added). No one can seriously argue that this legal tenet or this case is relevant to Lombardo's case.

The second case, *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389 (6th Cir. 1998), completely undercuts Lombardo's position. In *Lewis*, a debtor brought an action against a debt

-3-

collector, alleging violations of, *inter alia*, the FDCPA. After judgment was granted as a matter of law in the debt collector's favor, the creditor (American Express) sued the debtor in state court to collect on the debt. The debtor then filed a second action alleging that the creditor, debt collector and the attorney filed the state action in retaliation, in violation of, *inter alia*, the FDCPA and the ECOA. The district court granted the creditor's motion to dismiss. On appeal, the Sixth Circuit affirmed the district court's dismissal of the debtor's retaliation claims against American Express. It held that the debtor failed to state a retaliation claim under the ECOA because the ECOA was only intended to prohibit retaliatory <u>credit denials or terminations</u> against applicants who exercised their rights under any part of the Consumer Credit Protection Act. 135 F.3d at 406 (citing 15 U.S.C. § 1691(a)(3)). Moreover, in order for the debtor to establish a retaliation claim under the ECOA, he must show that he suffered an "adverse action" – which the ECOA defined as:

> a denial or revocation or credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

*Id*. (quoting 15 U.S.C. § 1691(d)(6). The *Lewis* court also noted that the ECOA specifically <u>excluded</u> any action or forbearance relating to an account taken in connection with "inactivity, default, or delinquency as to that account." *Id*. (quoting 12 C.F.R. § 202.2(c)(2)(ii). Accordingly, the Sixth Circuit affirmed dismissal of his ECOA retaliation claim. The *Lewis* court affirmed dismissal of his FDCPA retaliation claim against American Express because America Express was a creditor, <u>not</u> a debt collector. 135 F.3d at 411. The *Lewis* court concluded that American Express's conduct in suing

-4-

the debtor in state court to collect its outstanding debt did not violate the FDCPA. Clearly, *Lewis* supports the Court's position.

Accordingly, because Lombardo cannot show that he has a colorable federal claim against Parkview or Jack Male, this case is hereby **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

      */s/Dan Aaron Polster   4/19/2005*
**Dan Aaron Polster**
**United States District Judge**